IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

NAN VOLLETTE, et al.     :
            :
     Plaintiffs,  :
            :
  v.         :   CIVIL ACTION NO. 2:12cv231
            :
BILL WATSON, et al.     :
            :
     Defendants. :

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS BILL WATSON, ELIZABETH BAKER, WILLIAM SUGGS, JACK BENZIE AND YOLANDA NATIVIDAD TO COMPLAINT OF PLAINTIFF MARILYN SCOTT

Defendants, Bill Watson, Elizabeth Baker, William Suggs, Jack Benzie, and Yolanda Natividad, by counsel, hereby respond to plaintiff Marilyn Scott's Complaint as follows:

### ANSWER

1. Admitted in part; denied in part. Defendants admit only that at all relevant times plaintiff was working for a food service contractor inside the Portsmouth City Jail.  Defendants are without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of this paragraph and therefore deny same.

2. Admitted.

3. Admitted in part; denied in part.  Defendants admit only that Elizabeth Baker is a citizen of the Commonwealth of Virginia and a Deputy Sheriff.  Defendants deny the remaining allegations.

4.     Admitted in part; denied in part. Defendants admit only that William Suggs is a citizen of the Commonwealth of Virginia and a Deputy Sheriff. Defendants deny the remaining allegations.

5.     Admitted in part; denied in part. Defendants admit only that Jack Benzie is a citizen of the Commonwealth of Virginia and a Deputy Sheriff. Defendants deny the remaining allegations.

6.     Admitted in part; denied in part. Defendants admit only that Yolanda Natividad is a citizen of the Commonwealth of Virginia and a Deputy Sheriff. Defendants deny the remaining allegations.

7.     Denied as a conclusion of law.

8. – 9.     Denied.

10.     Admitted.

11.     Denied as a conclusion of law.

12.     Denied.

13. – 16.     Denied as conclusions of law.

17.     Denied.  Defendants are without sufficient knowledge or information upon which to form a belief as to the meaning of "all acts," and therefore deny same.

18.     Admitted in part; denied in part. Defendants admit only that on or about April 22, 2011, Aramark Correctional Facility Food Service was providing services to the inmates of the Portsmouth City Jail by agreement between Aramark Correctional Facility Food Service and the Sheriff of the City of Portsmouth. Defendants deny the remaining allegations of this paragraph.

19. – 20.     Admitted.

21. – 23.     Denied.

24.     Admitted.

25. – 53.     Denied.

54.     Defendants incorporate by reference their responses to paragraphs 1 through 53 as if set forth at length.

55.     Denied as a conclusion of law.

56. – 60.     Denied.

61.     Defendants incorporate by reference their responses to paragraphs 1 through 60 as if set forth at length.

62.     Denied.

63.     Defendants incorporate by reference their responses to paragraphs 1 through 62 as if set forth at length.

64.     Denied.

65.     Defendants incorporate by reference their responses to paragraphs 1 through 64 as if set forth at length.

66. – 67.     Denied.

68.     Defendants incorporate by reference their responses to paragraphs 1 through 67 as if set forth at length.

69.     Denied.

70.     Defendants incorporate by reference their responses to paragraphs 1 through 69 as if set forth at length.

71. – 72.     Denied.

## **AFFIRMATIVE DEFENSES**

1.      Defendants deny that they breached any of plaintiff's constitutional, common law or statutory rights, deny any wrongdoing, intentional or tortious behavior, and deny that plaintiff is entitled to any relief.

2.      Plaintiff has failed to state a claim upon which relief may be granted under § 1983 against defendants in their individual capacities. Plaintiff's claim is barred by the doctrine of qualified good faith immunity and/or by the *Vinnedge* doctrine.  Plaintiff has not alleged facts supporting a constitutional violation, that defendants violated any clearly established constitutional right, and/or were personally involved in the subject incident.

3.      Plaintiff fails to state a claim upon which relief may be granted under § 1983 against defendants in their official capacity.  Plaintiff's claims are barred by the Eleventh Amendment and plaintiff has not alleged sufficient facts to establish an unlawful policy, custom or practice.

4.      Plaintiff has failed to state a claim upon which relief may be granted for false imprisonment, as plaintiff consented to the search and fails to allege facts sufficient to establish that defendants unlawfully restrained plaintiff.

5.      Plaintiff has failed to state a claim upon which relief may be granted pursuant to 42 U.S.C. § 1983, as plaintiff fails to allege facts sufficient to establish a Fourth Amendment violation.

6.      Plaintiff has failed to state a claim upon which relief may be granted for common law conspiracy, as plaintiff fails to allege facts sufficient to establish that defendants agreed to conduct an unlawful search and to keep plaintiff from leaving her workplace.

7.      Plaintiff's common law conspiracy claim is barred by the doctrine of intra-corporate immunity.

8.      Defendants deny that they are indebted to plaintiff for any reason or in any amount.

9.      Defendants did not act with malice or recklessness toward plaintiff, but rather acted in good faith at all times, thereby barring any claims for compensatory or punitive damages.

10.     Plaintiff fails to allege sufficient facts supporting a claim for punitive damages.

11.     Defendants reserve the right to add such other and further defenses as may be developed in the course of discovery in this action.

12.     Any paragraph of the complaint not admitted or denied is hereby denied.

13.     A jury trial is demanded in this matter.

                                    BILL WATSON
                                    ELIZABETH BAKER
                                    WILLIAM SUGGS
                                    JACK BENZIE
                                    YOLANDA NATIVIDAD

                                    By:_____/s/_____
                                                Of Counsel

Jeff W. Rosen, Esquire
Virginia Bar # 22689
*Counsel for Defendants*
Pender & Coward
222 Central Park Avenue
Virginia Beach, Virginia  23462
(757) 490-6253
(757) 497-1914
jrosen@pendercoward.com

Lisa Ehrich, Esquire
Virginia Bar # 32205
*Counsel for Defendants*
Pender & Coward
222 Central Park Avenue
Virginia Beach, Virginia  23462
(757) 490-6253
(757) 497-1914
lehrich@pendercoward.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of June, 2012, I electronically filed the foregoing *ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS BILL WATSON, ELIZABETH BAKER, WILLIAM SUGGS, JACK BENZIE AND YOLANDA NATIVIDAD TO COMPLAINT OF PLAINTIFF MARILYN SCOTT* with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

David P. Morgan, Esq. (VSB #70211)
Cooperating Attorney for the ACLU of Virginia
Cravens & Noll, P.C.
9011 Arboretum Parkway
Suite 200
Richmond, VA  23236
(804) 330-9220
(804) 330-9458 (Facsimile)
dmorgan@cravensnoll.com
*Counsel for plaintiff*

Rebecca K. Glenberg, Esq. (VSB #44099)
Thomas O. Fitzpatrick, Esq. (VSB #80364)
American Civil Liberties Union of
Virginia Foundation, Inc.
530 E. Main Street, Suite 310
Richmond, VA  23219
(804) 644-8080
(804) 649-2733 (Facsimile)
rglenberg@aclusva.org
tfitzpatrick@acluva.org
*Counsel for plaintiff*


_____/s/ Jeff W. Rosen_____
Jeff W. Rosen
Va. Bar Number 22689
Pender & Coward, P.C.
*Counsel for Defendants*
222 Central Park Avenue
Virginia Beach, VA 23462
(757) 490-3000
(757) 502-7351
jrosen@pendercoward.com

P:\DOCS\06750\52627\FG7255.DOC