IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

NAN VOLLETTE, et al.     :
            :
       Plaintiffs, :
            :
   v.         :  CIVIL ACTION NO. 2:12cv231
            :
BILL WATSON, et al.      :
            :
      Defendants. :

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL

Defendants, Bill Watson, Elizabeth Baker, William Sugg, Jack Benzie, Yolanda Natividad, Candace Mabry and Mack Keese, by counsel, hereby request that the Court enter an order compelling Plaintiffs to comply with Defendants' discovery request to produce certain tax records.

Defendants initially requested tax records and W-2 forms filed by or on behalf of Plaintiffs for tax years 2006 through 2012 in Request No. 6 of their First Request for Production of Documents. Defendants received Plaintiffs responses to the First Request for Production of Documents on October 15, 2012. As to Request No. 6, each Plaintiff responded "There are no documents responsive to this request." Exhibit A, attached hereto. Defendants notified Plaintiffs' counsel that the responses were insufficient by letter dated October 31, 2012. Exhibit B, attached hereto. Defendants received supplemental responses on November 5, 2012. Again, each Plaintiff's response to Request No. 6 stated "There are no documents responsive to this request." Exhibit C, attached hereto.

Defendants thereafter requested by letter to Plaintiffs' counsel that Plaintiffs sign an IRS Form 4506 Request for Copy of Tax Return in order to obtain the records directly. Exhibit D, attached hereto.  Plaintiffs' counsel informed Defendants' counsel by phone that Plaintiffs would not sign a Form 4506 because they are not seeking damages for lost income.   Plaintiffs' counsel affirmatively stated that the information would only be produced under court order.  The parties are therefore unable to resolve this matter without intervention by the Court.

"For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Relevance under Rule 26 has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'"  *Feldman v. Law Enforcement Assocs. Corp.*, No. 5:10-CV-8-BR, 2012 WL 6552921, at *2 (E.D.N.C. Dec. 14, 2012) (quoting *EEOC v. Sheffield Fin. LLC*, No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007)).  A district court has wide discretion to determine relevance under the rules of discovery.  *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 92, 929 (4th Cir. 1995) (decisions on motions to compel reviewed under abuse of discretion standard).

Under the majority rule in federal case law, followed by other courts in this Circuit, tax returns are discoverable if they are relevant and the information is not available from other sources.  *Feldman*, 2012 WL 6552921, at *3 (citing *Interstate Narrow Fabrics, Inc. v. Century USA, Inc.*, No. 1:02-CV-146, 2004 WL 444570, at *2 (M.D.N.C. Feb. 24,

2004)).  "The requesting party bears the burden of showing relevance and the resisting party the burden of showing availability from other sources."  *Id.*

Although Plaintiffs are not seeking damages directly related to their income, their tax records are reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claims and defenses in this case.  Specifically, the records may reveal previously undisclosed activity, both employment and otherwise, relevant to Plaintiffs' claims that they suffered severe mental and emotional distress due to Defendants' actions and were impaired as a result.  Both their activity prior to the incident alleged in the Complaint and after is relevant to assessing the extent of their claimed injury.  Further, Plaintiffs have refused to provide this information, and there is no other source from which Defendants can obtain it.  For these reasons, Defendants respectfully request that the Court order Plaintiffs to sign IRS Form 4506 so that Defendants' may obtain the requested tax documents from 2006 to 2012.

BILL WATSON
ELIZABETH BAKER
WILLIAM SUGG
JACK BENZIE
YOLANDA NATIVIDAD
CANDACE MABRY
MACK KEESE

_____/s/_____
Of Counsel

Jeff W. Rosen, Esquire
Virginia Bar # 22689
*Counsel for Defendants*
Pender & Coward

222 Central Park Avenue
Virginia Beach, Virginia 23462
(757) 490-6253
(757) 497-1914
jrosen@pendercoward.com

Lisa Ehrich, Esquire
Virginia Bar # 32205
*Counsel for Defendants*
Pender & Coward
222 Central Park Avenue
Virginia Beach, Virginia 23462
(757) 490-6253
(757) 497-1914
lehrich@pendercoward.com


## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of February, 2013, I electronically filed the foregoing *Memorandum of Law in Support of Defendants' Motion for Summary Judgment* with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

David P. Morgan, Esq. (VSB #70211)
Cooperating Attorney for the ACLU of Virginia
Cravens & Noll, P.C.
9011 Arboretum Parkway
Suite 200
Richmond, VA 23236
(804) 330-9220
(804) 330-9458 (Facsimile)
dmorgan@cravensnoll.com
*Counsel for plaintiff*


Rebecca K. Glenberg, Esq. (VSB #44099)
Thomas O. Fitzpatrick, Esq. (VSB #80364)
American Civil Liberties Union of
Virginia Foundation, Inc.
530 E. Main Street, Suite 310
Richmond, VA 23219
(804) 644-8080/(804) 649-2733 (Facsimile)

rglenberg@aclusva.org
tfitzpatrick@acluva.org
*Counsel for plaintiff*

_____/s/_____
Jeff W. Rosen
Va. Bar Number 22689
Pender & Coward, P.C.
*Counsel for Defendants*
222 Central Park Avenue
Virginia Beach, VA 23462
(757) 490-3000
(757) 502-7351
jrosen@pendercoward.com