IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

NAN VOLLETTE, et al. :
:
                         Plaintiffs, :
:
v.                                       :   CIVIL ACTION NO. 2:12cv231
:
BILL WATSON, et al. :
:
                         Defendants. :

## OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Defendants, Bill Watson, Elizabeth Baker, William Sugg, Jack Benzie, Yolanda Natividad, Candace Mabry, and Mack Keese, by counsel, hereby oppose plaintiff's Motion to Compel Discovery.

### I.   ARGUMENT

In this action, plaintiffs, at all relevant times employed by private contractors and working at the Portsmouth City Jail, brought a combination of Fourth Amendment, First Amendment, false imprisonment, conspiracy and battery claims against Sheriff Watson, members of his administrative staff and deputies, arising from plaintiffs' being strip searched. Based on numerous tips and an ongoing internal affairs investigation, Sheriff Watson had reasonable suspicion to believe that civilian contractors were bringing contraband into the jail, and ordered standard strip searches. Each plaintiff had knowledge of the Sheriff's search policy, consented to being searched, and returned to work immediately afterward. Four searches resulted in deputies' finding contraband.

Defendants oppose plaintiffs' Motion to Compel Discovery as follows:

### Interrogatory No. 2

Plaintiffs filed their original complaint in April 2012 and an amended complaint the following month. Plaintiffs waited eight months, until December 2012, to serve interrogatories. By that time, plaintiffs had all documents relied upon by defendants, as required by Fed. R. Civ. P. 26(a)(1), and the parties had completed all depositions. By that time, defendants had moved for summary judgment and plaintiffs had opposed the motion. Plaintiffs' interrogatories, seemingly an afterthought, were gratuitous and their Motion to Compel equally so. Moreover, between the documents provided and the depositions held, plaintiffs have their answers. Compelling further response would be to elevate form over substance.

This is particularly true with regard to Interrogatory No. 2, where plaintiffs essentially ask defendants to provide all information and documents supporting their denials of plaintiffs' allegations and their defenses. Plaintiffs were in possession of all such information and documents, deposed defendants, and opposed summary judgment, months prior to posing this interrogatory. At this late juncture, plaintiffs can only be attempting to escape their burden or to harass.

### Interrogatory Nos. 4, 5 and 7

Defendants have responded to these Interrogatories. In response to Interrogatory No. 4, essentially seeking all documents in any way relevant to plaintiffs' claims, defendants claimed privilege but then answered: "defendants have identified and previously produced all documents responsive to this request." Similarly, in response to Interrogatory No. 7, seeking facts justifying the searches, defendants made their objections and then answered that they "have identified and previously produced all

documents containing facts responsive to this interrogatory." As noted above, plaintiffs have long been in possession of all documents and facts justifying and regarding the strip searches. Further, plaintiffs well know that in the statement of undisputed facts in defendants' Memorandum of Law in Support of Motion for Summary Judgment, defendants laid out in detail all facts and attached as exhibits all supporting documents responsive to these interrogatories.

As to Interrogatory No. 5, contrary to plaintiff's petition, the question is difficult to decipher. Plaintiffs posed an indirect, confusing question, making it difficult for defendants to respond either to the main query, or to the follow up. However, given that limitation, defendants answered directly, stating that they "did not conduct visual body cavity searches." Moreover, defendants objected because the follow up query, purporting to seek factual matter, in actuality seeks a legal conclusion. The Fourth Circuit has defined a visual body cavity search in *Leverette v. Bell*, 247 F.3d 160 (4th Cir. 2001).

### Interrogatory Nos. 8, 9 and 10

These three interrogatories address plaintiffs' damages and are a direct reaction to questions posed by defense counsel at plaintiffs' depositions. At deposition, it was entirely proper for defendants to explore plaintiffs' claims that they sustained emotional harm; defendants are entitled to assess the merits of plaintiffs' damages claims and the likelihood of their claims appealing to jurors. Defendants' exploration of plaintiffs' purported emotional harm included queries regarding certain of plaintiffs' professions. Contrary to plaintiffs' suggestion, defense counsel's queries did not amount to claims that defendants must support with facts or law. Defendants' personal beliefs as to the

emotional harm suffered by plaintiffs are wholly irrelevant to this case. It is up to the trier of fact to determine if plaintiffs have suffered emotional harm.

### Interrogatory Nos. 11 and 12

Both of these interrogatories relate to plaintiff's requests for admission. Interrogatory No. 11 seeks the reasons supporting any denials, and Interrogatory 12 seeks all facts supporting any denials.

Nothing in the Federal Rules of Civil Procedure supports plaintiffs' attempt through interrogatories, to explore defendants' denials of plaintiff's requests for admission. "Because Rule 36 was not designed to elicit information, to obtain discovery of the existence of facts, or [to] obtain production of documents, requests for admission should not be used as a method of discovery for those purposes." 7 Moore's Federal Practices § 36.02[2] (3d ed. 1991) (footnote omitted). *See* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, § 2252, at 524–525 ("Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness. A party who desires to discover what the facts are should resort to other discovery rules rather than Rule 36.") (footnotes omitted). By simply turning their requests for admission into interrogatories, plaintiffs misuse Fed. R. Civ. P. 33 and 36. Further, the content of defendants' discussions with counsel and the conveyance of information pursuant to those discussions and necessary to responding to plaintiff's requests for admission are indisputably privileged.

## II. CONCLUSION

In sum, plaintiffs offers no basis to compel further response to their interrogatories, other than to compel defendants to provide the exact information already provided, albeit in yet another form. For the reasons set forth herein, defendants respectfully request this Court to deny plaintiff's Motion to Compel Discovery.

BILL WATSON
ELIZABETH BAKER
WILLIAM SUGG
JACK BENZIE
YOLANDA NATIVIDAD
CANDACE MABRY
MACK KEESE

/s/ Jeff W. Rosen
Of Counsel

Jeff W. Rosen, Esquire
Virginia Bar # 22689
*Counsel for Defendants*
Pender & Coward
222 Central Park Avenue
Virginia Beach, Virginia 23462
(757) 490-6253
(757) 497-1914
jrosen@pendercoward.com

Lisa Ehrich, Esquire
Virginia Bar # 32205
*Counsel for Defendants*
Pender & Coward
222 Central Park Avenue
Virginia Beach, Virginia 23462
(757) 490-6253
(757) 497-1914
lehrich@pendercoward.com

CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of March, 2013, I electronically filed the foregoing *Opposition to Plaintiff's Motion to Compel Discovery* with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> David P. Morgan, Esq. (VSB #70211)
> Cooperating Attorney for the ACLU of Virginia
> Cravens & Noll, P.C.
> 9011 Arboretum Parkway
> Suite 200
> Richmond, VA 23236
> (804) 330-9220
> (804) 330-9458 (Facsimile)
> dmorgan@cravensnoll.com
> *Counsel for plaintiff*
>
> Rebecca K. Glenberg, Esq. (VSB #44099)
> Thomas O. Fitzpatrick, Esq. (VSB #80364)
> American Civil Liberties Union of
> Virginia Foundation, Inc.
> 530 E. Main Street, Suite 310
> Richmond, VA 23219
> (804) 644-8080
> (804) 649-2733 (Facsimile)
> rglenberg@aclusva.org
> tfitzpatrick@acluva.org
> *Counsel for plaintiff*

>                         _____/s/_____
>                         Jeff W. Rosen
>                         Va. Bar Number 22689
>                         Pender & Coward, P.C.
>                         *Counsel for Defendants*
>                         222 Central Park Avenue
>                         Virginia Beach, VA 23462
>                         (757) 490-3000
>                         (757) 502-7351
>                         jrosen@pendercoward.com