IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| NAN VOLLETTE, et al. | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 2:12cv231 |
| | : | |
| BILL WATSON, et al. | : | |
| | : | |
| Defendants. | : | |

**OPPOSITION TO PLAINTIFF'S MOTION TO DETERMINE
THE SUFFICIENCY OF ANSWERS
TO ADMISSIONS PURSUANT TO FRCP 36(a)(6)**

Defendants, Bill Watson, Elizabeth Baker, William Sugg, Jack Benzie, Yolanda Natividad, Candace Mabry, and Mack Keese, by counsel, hereby oppose plaintiff's Motion to Determine the Sufficiency of defendants' answers to plaintiff's Request for Admissions and plaintiff's petition to deem her requests admitted. Plaintiff errs in contending that defendants' denials, "do not fairly respond to the substance of the matter," or fail to address the specific requests. To the contrary, defendants' denials abide by the requirements of Fed. R. Civ. P 36.

**I.     ARGUMENT**

In this action, plaintiffs, at all relevant times employed by private contractors and working at the Portsmouth City Jail, brought a combination of Fourth Amendment, First Amendment, false imprisonment, conspiracy and battery claims against Sheriff Watson, members of his administrative staff and deputies, arising from plaintiffs' being strip searched. Based on numerous tips and an ongoing internal affairs investigation, Sheriff Watson had reasonable suspicion to believe that civilian contractors were bringing

contraband into the jail, and ordered standard strip searches. Four searches resulted in deputies' finding contraband.

Plaintiff's requests, identical for each of six plaintiffs, ask defendants to admit that they had no facts before the searches "which supported a specific belief that [plaintiff] was bringing any contraband ..." into the jail." Defendants denied each request as follows: "**DENIED. Defendants deny this request for admission because it misstates the law, which requires reasonable suspicion, not a specific belief, that plaintiff was bringing any contraband into the jail.**"

Under Fed. R. Civ. P. 36, parties may request admissions regarding purely factual matters, or the application of law to facts, but not matters of law. *Adventis, Inc. v. Consolidated Property Holdings, Inc.*, 124 Fed. App'x 169, 172, 2005 WL 481621, at *3 (4th Cir. 2005). The Fourth Circuit holds that, "[t]he purpose of such admissions is to narrow the array of issues before the court, and thus expedite both the discovery process and the resolution of the litigation." *Id.* (citing *In re Carney*, 258 F.3d 415, 4189 (5th Cir. 2001)). As phrased, plaintiff's requests are neither appropriate nor serve their supposed purpose.

Superficially, plaintiff's requests for admission appear to regard purely factual matter. However, her requests are disingenuous at best. Upon closer analysis, the foundation of plaintiff's requests is *her* presumption of what level of suspicion the Fourth Circuit requires to render constitutional a strip search of a jail employee. That issue is the very heart of this case; in fact, defendants believe they are entitled to qualified immunity because the law is not clear on this issue.

Defendants maintain that plaintiffs underwent standard strip searches. Plaintiffs contend that they were subject to visual body cavity searches. In *Leverette v. Bell*, 247 F.3d 160 (4th Cir. 2001), the Fourth Circuit held that, "prison authorities generally may conduct a visual body cavity search when they possess a reasonable and individualized suspicion that an employee is hiding contraband on his or her person." *Id.* at 168. The Court "emphasize[d] that reasonable suspicion is the minimum requirement, and point[ed] out that the more personal and invasive the search activities of the authorities become, the more particularized and individualized the articulated supporting information must be." *Id.* Defendants believe that Sheriff Watson had the requisite reasonable suspicion to order standard strip searches.

Plaintiff's requests for admission focus on whether defendants possessed facts supporting a "specific belief" as to each plaintiff. Embedded in plaintiff's use of the phrase "specific belief," is *plaintiff's* position that *Leverette* requires suspicion specific to each individual subject to search. Defendants' denials, whereby they challenge plaintiff's position on the law, clearly address the substance of the matter -- what level of suspicion is required. Plaintiff can hardly have expected defendants to admit to her requests as phrased. If they had done so, defendants would have contradicted their position, that plaintiffs underwent standard strip searches, requiring defendants to establish "reasonable suspicion," rather than to set forth "more particularized and individualized ... supporting information." *Id.* Thus, upon closer analysis, plaintiff's requests do not regard pure questions of fact.

Moreover, plaintiff's requests do not "narrow the array of issues before the court," or expedite resolution of this litigation. *Adventis, Inc.*, 124 Fed. App'x at 172. The

Court's decisions on summary judgment, regarding the type of strip search, the level of suspicion required by the Fourth Circuit, and whether defendants are entitled to qualified immunity, will serve those purposes. Defendants' denials of plaintiff's requests comported with Fed. R. Civ. P. 36, by "fairly responding to the substance of the matter," and offer plaintiff no basis for challenge.

## II. CONCLUSION

For the reasons set forth herein, defendants respectfully request this Court to deny plaintiff's Motion to Determine the Sufficiency of Answers to Admissions and to deny plaintiff's request to deem them admitted.

BILL WATSON
ELIZABETH BAKER
WILLIAM SUGG
JACK BENZIE
YOLANDA NATIVIDAD
CANDACE MABRY
MACK KEESE

\_\_\_\_\_/s/ Jeff W. Rosen_____
Of Counse

Jeff W. Rosen, Esquire
Virginia Bar # 22689
*Counsel for Defendants*
Pender & Coward
222 Central Park Avenue
Virginia Beach, Virginia  23462
(757) 490-6253
(757) 497-1914
jrosen@pendercoward.com

Lisa Ehrich, Esquire
Virginia Bar # 32205
*Counsel for Defendants*
Pender & Coward
222 Central Park Avenue
Virginia Beach, Virginia 23462
(757) 490-6253
(757) 497-1914
lehrich@pendercoward.com

## CERTIFICATE OF SERVICE

    I hereby certify that on the 11th day of March, 2013, I electronically filed the foregoing *Opposition to Plaintiff's Motion to Determine the Sufficiency of Answers to Admissions Pursuant to FRCP 36(a)(6)* with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    David P. Morgan, Esq. (VSB #70211)
    Cooperating Attorney for the ACLU of Virginia
    Cravens & Noll, P.C.
    9011 Arboretum Parkway
    Suite 200
    Richmond, VA 23236
    (804) 330-9220
    (804) 330-9458 (Facsimile)
    dmorgan@cravensnoll.com
    *Counsel for plaintiff*

    Rebecca K. Glenberg, Esq. (VSB #44099)
    Thomas O. Fitzpatrick, Esq. (VSB #80364)
    American Civil Liberties Union of
    Virginia Foundation, Inc.
    530 E. Main Street, Suite 310
    Richmond, VA 23219
    (804) 644-8080
    (804) 649-2733 (Facsimile)
    rglenberg@aclusva.org
    tfitzpatrick@acluva.org
    *Counsel for plaintiff*

           /s/
Jeff W. Rosen
Va. Bar Number 22689
Pender & Coward, P.C.
*Counsel for Defendants*
222 Central Park Avenue
Virginia Beach, VA 23462
(757) 490-3000
(757) 502-7351
jrosen@pendercoward.com

P:\DOCS\06750\52627\GI0108.DOC