INSTRUCTION NO. 1

**General Information**

Now that you have heard the evidence, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned with the wisdom of any rule of law stated by me. You must follow and apply the law.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach just verdicts, regardless of the consequences.

INSTRUCTION NO. 2

**Duty to Deliberate**

The verdicts must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdicts must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

INSTRUCTION NO. 3

**All Persons Equal Before the Law – Individuals**

This case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be treated as equals. You are not to give more or less weight or credibility to the defendants in this case because they are involved in law enforcement.

# INSTRUCTION NO. 4

## Instructions Apply to Each Party

Unless I state otherwise, you should consider each instruction given to apply separately and individually to each plaintiff and to each defendant in the case.

INSTRUCTION NO. 5

**Preponderance of the Evidence**

A plaintiff has the burden in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence. If plaintiffs should fail to establish any essential element of their claim by a preponderance of the evidence, you should find for defendants as to that claim.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

INSTRUCTION NO. _6_

**Burden of Proof Where Some Jurors Have Served on Jury in Criminal Case**

If any of you have sat on juries in criminal cases, you will have heard of "proof beyond a reasonable doubt." The standard of proof in a criminal case is a stricter standard, requiring more proof than a preponderance of evidence. The reasonable doubt standard does not apply to a civil case and you should put that standard out of your mind.

INSTRUCTION NO. 7

**Multiple Plaintiffs**

Although there are multiple plaintiffs in this action, it does not follow from that fact alone that if one plaintiff is entitled to recover, others are entitled to recover. The defendants are entitled to a fair consideration as to each plaintiff, just as each plaintiff is entitled to a fair consideration of that plaintiff's claim against the defendants. Unless otherwise stated, all instructions I give you govern the case as to each plaintiff.

INSTRUCTION NO. 8

**Multiple Defendants**

Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to a plaintiff, all defendants are liable. Each defendant is entitled to a fair consideration of the evidence. No defendant is to be prejudiced should you find against another defendant. Unless otherwise stated, all instructions I give you govern the case as to each defendant.

INSTRUCTION NO. 9

### Evidence in the Case

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

INSTRUCTION NO. *10*

**"Inferences" - Defined**

You are to consider only the evidence in the case.  However, you are not limited to the statements of the witnesses.  In other words, you are not limited to what you see and hear as the witnesses testify.  You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

INSTRUCTION NO. _11_

### Direct and Circumstantial Evidence

"Direct evidence" is a direct proof of a fact, such as testimony by a witness about what the witness said or heard or did.  "Circumstantial evidence" is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

INSTRUCTION NO. 12

**Credibility of Witnesses**

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

# INSTRUCTION NO. 13

## Discrepancies in Testimony

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case. Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

# INSTRUCTION NO. 14

## Opinion Evidence – The Expert Witness

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those persons who are described as "expert witnesses." An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert. You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence, you may disregard the opinion in part or in its entirety.

INSTRUCTION NO. 15

**Impeachment – Inconsistent Statement or Conduct**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such reliability, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

INSTRUCTION NO. *16*

## Oral Statements or Admissions

Evidence as to any oral statements or admissions claimed to have been made outside of court by a party to any case, should always be considered with caution and weighed with great care. The person alleged to have made the statement or admission may not have expressed clearly the meaning intended, or the witness testifying to an alleged admission may have misunderstood or may have misquoted what was actually said.

However, when an oral statement or admission made outside of court is proved by reliable evidence, that statement or admission may be treated as trustworthy and should be considered along with all other evidence in the case.

INSTRUCTION NO. *17*

**Effect of Prior Inconsistent Statements or Conduct**

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement. Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness. An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

INSTRUCTION NO. _18_

### § 1983 Claims: Nature of the Action

Plaintiffs claim damages alleged to have been sustained as the result of a deprivation, under color of state law, of a right secured to plaintiffs by the Fourth Amendment of the United States Constitution and by a federal statute protecting the civil rights of all persons within the United States.

Specifically, plaintiffs allege that defendants subjected plaintiffs to deprivation of rights and privileges secured and protected by the Constitution and laws of the United States, namely the Constitutional right not to be subjected to an unreasonable search.

Defendants deny that any of their actions during the time in question violated plaintiffs' constitutional rights. Defendants claim that they were acting in good faith and with reasonable suspicion and that their actions were reasonable. Defendants further claim that they were not guilty of any fault or wrongdoing in regard to the incident sued upon.

INSTRUCTION NO. 19

### § 1983 Claims: Generally

The federal civil rights act under which plaintiffs bring this suit was enacted by Congress to enforce the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment to the Constitution provides that:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

As a matter of law, under the Constitution of the United States every citizen has the right to his liberty, that is, the right not to be arrested without due process of law.

Section 1983, the federal civil rights statute under which plaintiffs sue, provides that a plaintiff may seek relief in this court by way of damages against any defendant who, under color of any state law or custom, subjects such plaintiff, or causes such plaintiff to be subjected to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

INSTRUCTION NO. 20

### § 1983 Claims:  Essential Elements of Plaintiffs' Claims, Generally

In order to prove plaintiffs' claims, the burden is upon plaintiffs to establish by a preponderance of the evidence each of the following elements:

First:  That defendants performed acts that operated to deprive plaintiffs of one or more of plaintiffs' federal  Constitutional rights, as defined and explained in these instructions, by subjecting plaintiffs to an unreasonable search;

Second:  That defendants then and there acted under the color of state law; and

Third:  That defendants' acts were the proximate cause of damages sustained by plaintiffs.

INSTRUCTION NO. 21

## § 1983 Claims:  Unreasonable Search

Each of the plaintiffs claim to have been subjected to an unreasonable search of her body. The United States Constitution protects every person against "unreasonable" searches.

In order for a strip search of a jail employee or jail contractor to be classified as a reasonable search under the Fourth Amendment, the strip search (whether it is a standard strip search or a visual body cavity search) must be based upon "reasonable suspicion."

The "reasonable suspicion" standard requires the authorities to be able to articulate something more than an unparticularized suspicion or hunch.  Stated differently, there must be some minimal level of objective justification for conducting a strip search of a specific jail employee or jail contract worker.  That level of suspicion is considerably less than proof of wrongdoing by a preponderance of the evidence.

Although reasonable suspicion is not readily, or even usefully, reduced to a neat set of legal rules, it can be described simply as a particularized and objective basis for suspecting the person in question of wrongdoing.

The more personal and more invasive the strip search activities of the authorities become, the more particularized, and the more individualized, the authorities' articulated  supporting information must be.

Because here, there are nine separate strip searches at issue, each must be independently assessed for its reasonableness.   Whether any given search was justified at its inception must be adjudged according to the circumstances existing at the moment that particular search began.

INSTRUCTION NO. 22

### § 1983 Claims: Correctional Officer Search for Contraband

Pursuant to Virginia law, the sheriff is responsible for maintaining the safety and security of the jail. Contraband is any item that is possessed in violation of jail rules. Everyday items such as cigarettes, lighters, matches, cell phones, and flash drives can undermine security at detention facilities and may be considered contraband. The sheriff and his deputies are permitted under the law to detect and deter contraband in their jail, but they must at all times do so in a manner that comports with the Fourth Amendment of the United States Constitution.

INSTRUCTION NO. 23

### § 1983 Claims:   Reasonable Suspicion – Anonymous Tips

When the authorities rely on an anonymous tip to support reasonable suspicion, the tip must be accompanied by some corroborative elements that establish its reliability.   In other words, there are situations in which an anonymous tip, suitably corroborated, exhibits sufficient indicia of reliability to provide reasonable suspicion.   At bottom, the tip must be reliable in its assertion of illegality to protect against mischief and harassment by an unknown, unaccountable informant.   It is appropriate to consider the totality of the circumstances in assessing the reliability of an anonymous tip.

INSTRUCTION NO. 24

**§ 1983 Claims:  Reasonable Suspicion –Tip from a Known Informant**

A tip from a proven, reliable informant is entitled to far more credence than an uncorroborated tip from an anonymous informant.  Furthermore, informants who report tips face-to-face are considered more reliable than an anonymous tipster because law enforcement can hold the known informant accountable for false statements.  Accordingly, an uncorroborated tip from a known informant may alone justify reasonable suspicion that the identified individual is engaged in misconduct.  In assessing the reliability of a tip from a known informant, it is appropriate to consider the totality of the circumstances.

INSTRUCTION NO. 25

## § 1983 Claims:  Standard Strip Search

A standard strip search requires the subject to disrobe, squat and cough.

INSTRUCTION NO. 26

**§ 1983 Claims:  Visual Body Cavity Search**

A visual body cavity search requires the searched individual to expose her anal and vaginal cavities for visual inspection.

INSTRUCTION NO. 27

### § 1983 Claims: Under Color of State Law

Acts are done "under color of ... law" of a state, not only when state officials act within the bounds or limits of their lawful authority, but also when such officers act without and beyond the bounds of their lawful authority. The phrase "under color of state law," includes acts done under color of any state law, or county or municipal ordinance, or any regulation issued thereunder, or any state or local custom.

In order for unlawful acts of an official to be done "under color of any law," the unlawful acts must be done while the official is purporting or pretending to act in the performance of the official's official duties. The unlawful acts must consist of an abuse or misuse of power possessed by the official only because the person is an official. The unlawful acts must be of such a nature, and be committed under such circumstances, that they would not have occurred but for the fact that the person committing them was an official, purporting to exercise official powers.

The federal statute that defendants are alleged to have violated covers not only acts done by an official under color of any state law, but also acts done by an official under color of any ordinance or regulation of any county or municipality of the state, as well as acts done by an official under color of any regulation issued by any state, or county, or municipal official, and even acts done by an official under color of some state or local custom.

INSTRUCTION NO. 28

### § 1983 Claims:  Causation, Generally

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage to plaintiffs, and that plaintiffs' injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

Plaintiffs have the burden of proving each and every element of plaintiffs' claims by a preponderance of the evidence.  If you find that plaintiffs have not proved any one of the elements by a preponderance of the evidence, you must return a verdict for defendants.

INSTRUCTION NO. 29

## § 1983 Claims:  Compensatory and Nominal Damages

If you find that a plaintiff's constitutional right was violated, you must determine that plaintiff's damages.  Plaintiffs have the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate that plaintiff for the deprivation of civil rights proximately caused by defendants.  Damages may not be based on speculation or sympathy.  They must be based on the evidence presented at trial and only that evidence.

You should consider the following elements of damage to the extent you find them proved by a preponderance of the evidence, and no others:  Plaintiffs' emotional pain and mental anguish.

If you find for a plaintiff, but you find that the plaintiff has failed to prove actual damages, you shall return an award of nominal damages not to exceed one dollar.  The mere fact that a constitutional deprivation has been shown to have occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation.

INSTRUCTION NO. 30

### § 1983 Claims:  Mitigation of Damages

If you find plaintiffs were injured as a result of conduct by defendants in violation of Section 1983, you must determine whether plaintiffs could have done something to lessen the harm suffered.  Defendants have the burden to prove by a preponderance of the evidence that plaintiffs could have lessened or reduced the harm done to plaintiffs and that plaintiffs failed to do so.

If defendants establish by a preponderance of the evidence that plaintiffs could have reduced the harm done to them but failed to do so, plaintiffs are entitled only to damages sufficient to compensate for the injury that plaintiffs would have suffered had they taken appropriate action to reduce the harm.

INSTRUCTION NO. 31

### § 1983 Claims:  Affirmative Defense -- Consent

Voluntary consent is an exception to the requirement that Jail employees and contractors can only be strip-searched based on "reasonable suspicion."

The burden is on Defendants to demonstrate, by a preponderance of the evidence, that a Plaintiff knowingly and voluntarily gave her consent to be strip-searched.

Consent can be implied from a person's words, gestures or conduct, and magic words, such as "yes" are not necessary to evince consent.

Whether a party's consent is voluntary is determined by the totality of the circumstances which include the characteristics of the person from whom consent is sought (such as age, maturity, education, and experience), the subjective state of the person who allegedly consented, and the circumstances of the request for consent.

INSTRUCTION NO. 32

**§ 1983 Claims:  Affirmative Defense – Consent & Public Employment Impact**

A public employer, like the Portsmouth Sherriff's Office, is not permitted under the law to compel an employee, or a contractor, to choose between exercising her legitimate constitutional rights and her right of equality of opportunity to hold public employment.

Accordingly, "consent" is not given voluntarily when a public employer conditions an employee's continued public employment, or a contractor's continued public contract work, on the sacrifice of a right guaranteed by the United States Constitution.

INSTRUCTION NO. 33

**False Imprisonment Claims:  Definition of False Imprisonment**

False Imprisonment is an intentional restriction of a person's freedom of movement without legal right.

A false imprisonment results from the intentional use of force, words, or acts which the person restrained is afraid to ignore or to which he reasonably believes he must submit.

INSTRUCTION NO. 34

**False Imprisonment Claims:  Burden of Proof**

The burden is on the plaintiffs to prove false imprisonment.

The burden is on the defendants to prove that they had a legal right to restrict the plaintiffs' freedom of movement.

INSTRUCTION NO. 35

**False Imprisonment Claims:  Good Faith Not a Defense**

It is not a legal defense to a claim of false imprisonment that one had an honest or a reasonable belief that he was acting lawfully in restricting another's freedom. Any intentional restriction of a person's freedom that is without legal right is false imprisonment.

INSTRUCTION NO. 36

**False Imprisonment Claims:  Finding Instruction**

You shall return your verdict for the plaintiffs if they proved by the greater weight of the evidence that the defendants intentionally restricted the plaintiffs' freedom of movement without legal right.

You shall return your verdict for the defendants;

(1) if the plaintiffs failed to prove a false imprisonment; or

(2) if the defendants proved by the greater weight of the evidence that they had a legal right to restrain the plaintiffs' freedom of movement.

INSTRUCTION NO. 37

**False Imprisonment Claims: Compensatory Damages**

If, from the evidence and the other instructions of the court, you find your verdict in favor of a plaintiff as to a false imprisonment claim, then in assessing the damages to which that plaintiff is entitled, you may take into consideration any mental pain and suffering, indignity, humiliation, embarrassment and insult to which she was subjected, and from these as proven by the evidence your verdict should be for such sum as will fully and fairly compensate the plaintiff for the damages by her as a result of the false imprisonment.

# INSTRUCTION NO. 38

## Battery Claim:  Burden of Proof

Plaintiff Verita Braswell claims that she was subjected to unlawful battery by defendant Deputy Elizabeth Baker.  The burden is on the plaintiff to prove battery by a preponderance of the evidence.

INSTRUCTION NO. _39_

**Battery Claim:  Definition of Battery**

A battery is an intentional and unwanted touching of another without justification, excuse, or the consent of the other.

INSTRUCTION NO. 40

**Battery Claim:  Finding Instruction**

You shall find your verdict for the plaintiff Verita Braswell if plaintiff proved by the greater weight of the evidence that:

(1) Deputy Baker intentionally touched her; and

(2) the touching was unwanted; and

(3) the touching was without justification, excuse, or the plaintiff's consent.

You shall find your verdict for the defendant if the plaintiff failed to prove one or more of the above elements.

INSTRUCTION NO. 41

**Battery Claim:  Compensatory Damages**

If from the evidence and the other instructions of the court you find your verdict in favor of Verita Braswell as to her battery claim, you shall award her compensatory damages, which are the measures of the loss or injury sustained, and may embrace shame, mortification, humiliation, indignity to the feelings and the like, and they require no proof.

You are not confined to the actual pecuniary damages or loss in terms of money sustained by Verita Braswell, but you may take into consideration the motive of Deputy Baker, if any is shown, the insulting character of the act, if such is shown, and all circumstances of aggravation attending the act, if any. Such damages, if any have been shown, are in their nature actual or compensatory as much as those given for any bodily harm, pain, suffering, loss of earnings and expense incurred.

Your verdict shall be for such sum as will fairly and fully compensate the plaintiff for the damages sustained as a result of the battery.

INSTRUCTION NO. 42

**Effect of Instructions as to Damages**

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

INSTRUCTION NO. 43

### Deliberation and Unanimous Verdicts

You must follow these rules while deliberating and returning your verdicts:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room and try to reach agreement. Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors. Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the court security officer, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember you should not tell anyone – including me – how your votes stand numerically.

Fourth, your verdicts must be based solely on the evidence and on the law I have given to you in these instructions. The verdicts must be unanimous. Nothing I have said or done is intended to suggest what your verdicts should be – that is entirely for you to decide.

Finally, the verdict forms are simply the written notices of the decisions that you reach in this case. You will take these forms to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in each form, sign and date them, and advise the court security officer that you are ready to return to the courtroom.